UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KOREY L. KINDELL,

    Applicant,

v.                                             CASE NO. 8:23-cv-2989-SDM-AAS

SECRETARY, Department of Corrections,

    Respondent.
_____/

KOREY L. KINDELL,

    Applicant,

v.                                             CASE NO. 8:24-cv-92-SDM-NHA

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **ORDER**

    Kindell applies for the writ of habeas corpus in two actions that challenge the same state court judgment but which allege different grounds for relief. Kindell must proceed with his challenge to his state court judgment in a single action that alleges all grounds for relief. Kindell must file an amended application in 23-cv-2989.

    Additionally, paragraph eighteen in the application requires an applicant to address the timeliness of the application. Kindell addresses the timeliness in neither application. A review of the two applications and the online docket for the state court show that Kindell's last post-conviction proceeding ended in early 2022. More

than a year later (in late 2023) Kindell filed the first of his two applications under Section 2254. Even without accounting for time that might have passed between when his conviction became final and the filing of a post-conviction proceeding that tolled the limitation, Kindell's applications appear time-barred. Kindell must address timeliness in the amended application. *See Turner v. Sec'y, Dep't of Corr*, 991 F.3d 1208, 1211 (11th Cir. 2021) ("A district court must dismiss a § 2254 petition without ordering the State to respond if 'it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.' Rules Governing § 2254 Cases, R. 4. . . . The one-year limitations period found in 28 U.S.C. § 2244 is one of many procedural obstacles that could mean a petition is frivolous, and it is one that the district court can raise *sua sponte*. *Jackson v. Sec'y for the Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002).").

Lastly, Kindell neither paid the $5.00 filing fee nor requested leave to proceed *in forma pauperis* ("IFP").[1] Although under Local Rule 1.05(c) the clerk must accept

---

[1] Kindell is cautioned that a party appearing *pro se* is nevertheless required to comply with the Local Rules of this court, the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases. The failure to comply with these rules might result in sanctions, including the dismissal of this action. *Castro v. Director, F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011) ("[T]he district court did not abuse its discretion in dismissing [Castro's] complaint without prejudice under M.D. Fla. Local Rule 1.03(e). Indeed, even if, as Castro claims, the district court never informed him that he was required to pay a filing fee or file a request to proceed IFP under Local Rule 1.03(e), the district court's actions did not affect or otherwise prejudice Castro's ability to assert his civil claim because the district court expressly dismissed Castro's complaint without prejudice.") and *Copeland v. Doe*, 824 F. App'x 663 (11th Cir. 2020) ("The district court abused no discretion in dismissing without prejudice Copeland's 2016 case. That Copeland failed to pay the required filing fee and failed to apply to proceed IFP within 30 days of filing her complaint is undisputed. Copeland's case was thus subject to dismissal under Local Rule 1.03(e).").

Kindell may obtain a copy of the Local Rules at no charge if he both requests a copy from the clerk's office and provides a self-addressed envelope with sufficient postage, which is required because the clerk cannot pay the mailing cost. Alternatively, Kindell may find a copy of the Local Rules in his prison law library.

for filing a prisoner case filed with neither the filing fee nor an application to proceed IFP, under 28 U.S.C. § 1914(a) "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5." Also, Rule 3(a), Rules Governing Section 2254 Cases, requires either paying the filing fee or moving to proceed IFP. To continue with this action Kindell must either pay the filing fee or complete and return the enclosed form to proceed IFP. The failure to timely pay the fee or to timely request to proceed IFP will result in the dismissal of this action without further notice.[2] *See Czetli v. Secretary, Dep't of Corr.*, 212 F. App'x 879, 881 (11th Cir. 2006)[3] ("[T]he district court abused its discretion by dismissing Czetli's petition without first giving him notice and an opportunity to pay the filing fee or file the required documentation to proceed IFP.").

The application (Doc. 1) in 23-cv-2989 is **DISMISSED WITHOUT PREJUDICE** to the filing of an amended application that alleges all grounds for relief. The clerk must send to Kindell both the form for an application for the writ of habeas corpus under Section 2254 and the form for a motion for leave to proceed *in*

---

[2] If Kindell fails to respond to this order and the action is dismissed, the one-year limitation for filing a federal habeas application might bar a subsequently filed habeas application challenging the same conviction. 28 U.S.C. § 2244(d)(1). Although the one-year limitation is tolled while a properly filed application for state post-conviction relief is pending, *Artuz v. Bennett*, 531 U.S. 4, 8–9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the one-year limitation is not tolled during the pendency of a federal habeas application. *Duncan v. Walker*, 533 U.S. 167 (2001).

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

*forma pauperis*. Kindell must use the required forms and, not later than **MONDAY, AUGUST 19, 2024**, he must amend the application and either move for leave to proceed *in forma pauperis* or pay the filing fee. Kindell's failure to comply with this order might result in the dismissal of 8:23-cv-2989-SDM-AAS without further notice.[4]

Further, the application (Doc. 1) in 8:24-cv-92 is **DISMISSED**. Kindell's application under Section 2254 must proceed in only 8:23-cv-2989-SDM-AAS. The clerk must **CLOSE** 8:24-cv-92-SDM-NHA.

ORDERED in Tampa, Florida, on July 11, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] If Kindell fails to respond to this order and this action is dismissed, the one-year limitation for filing a federal habeas application might bar a subsequently filed habeas application challenging the same conviction. 28 U.S.C. § 2244(d)(1). Although the one-year limitation is tolled while a properly filed application for state post-conviction relief is pending, *Artuz v. Bennett*, 531 U.S. 4, 8–9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the one-year limitation is not tolled during the pendency of a federal habeas application. *Duncan v. Walker*, 533 U.S. 167 (2001).